Good morning. May I please this court? Daniela Razavi appearing on behalf of Petitioner Reinald Fnu et al. I would like to reserve two minutes for rebuttal. This case involves two issues, one of them the denial of the IJs, the denial by the IJs of the petitioner's application for asylum, his holding of removal and relief under the Convention Against Torture on the basis of an adverse credibility finding. This decision was affirmed by the DIA. And the second issue is a violation of petitioner's constitutional rights under the Fifth Amendment, a requirement of due process in an immigration court proceeding. And that violation resulted from the immigration judge's denial of petitioner's motion for a continuance. I would like to address the constitutional violation first because ---- Can I just, before you get to that, I have never seen a case where there appears to be a higher level of fraud and deceit on the part of the petitioner than this one. Why am I wrong? I would ---- I would agree that there was fraud committed by the petitioners and the petitioner basically admitted to that. Petitioner entered ---- So why are we here? Because there are explanations why the frauds were committed. Petitioner ---- and that's linked to the ---- But Zubecki says I'm entitled to commit fraud in terms of marriage, in terms of documents and so on because she wants to be here. That doesn't get you anywhere, does it? No, that's not the argument we are making. We are basically, when we made the motion for a continuance, we requested or asked the judge to allow the continuance to get a psychological evaluation of the petitioner because petitioner, during her court hearing, expressed that she was suffering from severe anxiety, fear that she was depressed, that she had continuous severe headaches, wasn't functioning properly. Is there any evidence that you're aware of under any case law that would allow someone to have a continuance in an immigration setting under these circumstances? We argued in our brief, and I would like to renew the argument, that the IJ should have considered the factors which were laid out for a motion for a continuance by this Court in Bears v. INS. In this Court, in this case, this Court basically established four factors the IJ should have looked at when deciding whether a motion for continuance has merit. The IJ basically, when the motion for continuance was submitted, looked at the case, said I'm capable of assessing the petitioner's psychological condition, even though, of course, the IJ is not trained in that field. I think if the IJ would have done what's required under the Ninth Circuit Court case, Bears v. INS, and used the four factors to analyze whether a continuance should be granted. Is it your position that your client is insane? My position is that my client is, she has subsequently been evaluated, that she is suffering from post-traumatic stress syndrome. I can understand that. She was caught lying repeatedly. No. You know, that's what happens when people get caught. They're anxious. They're depressed. But, you know, are you alleging kind of a Faretta incompetence because of insanity or inability to work with counsel? Does that even apply in an immigration setting? Our, I mean, she has been evaluated, and it came down to post-traumatic stress, not caused by the current immigration court proceeding, but rather caused by the harm and the torture she was exposed to in India. Wasn't it true that over four years she received three continuances to get ready for this hearing? Yes. And then the other motion was denied when she was here and going through this difficult proceeding? There were indeed. What constitutional violation occurred because of that, where there had been three prior continuances granted? There were indeed three continuances granted previously. She had prior counsel, which actually now is resigned from the bar with charges pending. But prior counsel had requested three continuances, one for scheduling conflict, one because there was an I-130 pending. She was a beneficiary of an I-130, and prior counsel requested a continuance to have the I-130s adjudicated. And then there was another continuance made by prior counsel because he wanted to go on vacation, and that continuance was denied. There was one continuance made by current counsel on the basis of preparation for this case once current counsel stepped in. Yes, there had been four continuances totally printed. However, She probably got deprived of due process, didn't she? These continuances were printed before the issue, which would explain – I mean, a psychological evaluation of that nature would have helped and assist the IJ in assessing Petitioner's credibility and veracity of the asylum claim. Credibility was always the major issue in this case. And you agree, I trust, that you have absolutely no chance of prevailing on the substantial evidence in terms of the fraud and all that stuff. Your whole case rests upon your claim that she's entitled to some kind of a due process review, right? Yes. I agree to that, that the claim is made that she should have had a chance to have a psychological evaluation, which could have explained why certain actions were undertaken by that Petitioner. I don't think it's that clear-cut to say – You realize that to do that would be entirely new law. Yes. And you realize that were we to do that, that every single immigration case, anybody that had a tough case would raise that point, and we would basically be a regime of psychologists and psychiatrists. Actually, I would respond to that, that it's not completely entire law, because if we apply the Biersch factors to the continuance, I think the continuance should have been granted. So from that standpoint – The underlying issue is, though, you're saying that when somebody is anxious and depressed based upon what happened to them, you're saying because of what happened in India many, many, many, many years before, but whatever the cause of it, you're saying that there's an automatic right to a continuance. No, I'm not making that argument. I'm saying that we need to look at each case and each circumstances individually, and there is actually, even with regards to the credibility issues, there are some cases decided at the Ninth Circuit where we are basically saying just the fact that an asylum applicant submits false documentation or false passport entries under pretenses, that doesn't mean that we outright deny them the case and find them not credible. We have to look at the totality of the circumstances, and that's basically what I would like to have happen for my client. I stepped in that case when all the prior misrepresentation had been occurred, weren't revealed previously. But at the point when the hearing took place, it became apparent that there might be some psychological issues and the continuance should have been granted. You indicated you wanted to save a little time. Is this a convenient break? Yes. Two minutes and 18 seconds. Thank you. Very well. We'll hear from Mr. Mardikin from the government. Thank you. May it please the Court. Good morning. Owen Mardikin for the government. It appears that the Petitioner has conceded the substantial evidence issue on the record, so I'm going to put that aside, but note, because she does raise this as part of the continuance due process issue, that this Court does have this noble line of precedent in which it allows someone to lie to get out of harm's way if they're truly being persecuted or in fear for their life in another country, and then to come to the United States and come clean on United States soil, explain their story and perhaps gain asylum here. This is obviously not that case. And by any stretch of the imagination, to see it that way I think would make a mockery of that line of precedent. But to deal with the continuance issue specifically in a very factual way, the Petitioner here came clean about at least the first asylum story in 2004, September I believe. Her current counsel appeared for her in January of 2005. The trial was set in June. So counsel knew that there was this pink elephant in the room of her veracity, and had five months or more to prepare for it. The fact that she was anxious, had headaches at the hearing, is really a red herring at that point. And without making too many animal analogies, she didn't mean to do that. There's an exhibit here. That's not the issue. The issue is her veracity, and the issue was her veracity from before her current counsel took over, and she had ample time to prepare for that. And in fact, between the first and second days of the hearing, there was a week in which counsel in many cases can come up with all manner of defenses. So really in this case, there are two issues. One, the conceded one, there's certainly substantial evidence to support the adverse credibility determination. And second, in a case in which so much time has been given to counsel and they've done really nothing with it, the I.J. was perfectly within her discretion not to give them any more time. And unless Your Honors have any questions, I'm willing to speak. Thank you very much for your presentation. We'll give counsel for the petitioner how much time she has left. Two minutes and 17 seconds for rebuttal. Yes. Thank you, Your Honor. I would like to just explain, I mean, I'm sure you have read the record as well, but there are actually two asylum applications on the file. There are three, but the third one is entirely consistent with the second one. It goes into more details, gives more specificity, but there are no inconsistencies with regards to the second and the third application. The first application, petitioner filed using the fake identity she had used to enter the United States when she fled her home country, India. There's a lot of people, I mean, there's a lot of asylum cases on the record where people use false passwords to enter the country. This petitioner went one step further. She used the false identity for a longer time. She did repeatedly state in court that she was fearful because somebody had told her once you use your true identity, you will be sent back to India. She was not represented by an attorney at that point. She had an immigration consultant who instilled that fear, perpetuated it, and basically told her don't reveal your true identity. So she did file the first asylum application under that fake identity and using the circumstances the agent in India had used to build that personality. That was admitted by her in 2004 when she finally was represented by counsel, by her prior counsel. With regards to substantial evidence standard and adverse credibility finding, we conceded only with regards to what's in the record right now. If the motion for continuance would have been printed and the psychological evaluation report could have shown that there indeed is something which might make it understandable by a person, goes to the next step and keeps the fake identity even though she is in a place where she should be feeling safe. So I would assume that a psychological evaluation report could have addressed some of these issues and explained it, and if it would have been in the record, maybe the substantial evidence would not have been there to make an adverse credibility finding in her case. And this is where it comes in that she was prejudiced by not having the motion for continuance printed in her favor. Okay. Thank you very much. I thank both counsel for Petitioner and the government for their presentations. The new versus holder is submitted.
judges: Hogan, Hug, Smith M.